IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

V. SUAREZ & CO., INC.,

Petitioner,

v.

BACARDI INTERNATIONAL LIMITED, et al.,

Respondents.

Consolidated cases:
Civil No. 11-1858 (GAG)
Civil No. 11-1871 (GAG)

## OPINION AND ORDER

On July 8, 2013, VSI filed two motions: one to alter the court's judgment and the second to renew a request for attorney's fees and costs. (See Case No. 11-1858 (GAG), Docket Nos. 99 & 100.) Determination of these issues requires the court to summarize the rather confounding path each case took to land in its present location. After taking that journey, the court analyzes the present motions and ultimately **GRANTS** VSI's motion to amend the judgment and **DENIES** its motion for attorney's fees.

**I.   Procedural Background**

On August 5, 2011, VSI filed an action in local court against BIL, BC and BCC seeking to set aside an arbitration award. (See Civil No. 11-1858 (GAG), Docket No. 1-1.) On September 1, 2011, BIL removed that case to federal court. (See Civil No. 11-1858 (GAG), Docket No. 1.) On September 2, 2011, BIL filed a separate action directly in federal court seeking confirmation of the arbitration award. (See Civil No. 11-1871 (GAG), Docket No. 1.) On September 20, 2011 the two actions were consolidated.[1] (Docket No. 15.) On September 29, 2011, VSI sought to remand Civil No. 11-1858 (GAG) and dismiss Civil No. 11-1871 (GAG) due to lack of federal jurisdiction. (See Docket Nos. 25 & 26.) The court granted both motions. (See Docket No. 69.) BIL appealed the determination that the court did not have federal jurisdiction over the parties of Civil No. 11-1871.

---

[1] In accordance with Local Rule 42, Case No. 11-1858 (GAG) became the lead case. (See Docket No. 15.) All docket references refer to the docket of the lead case unless otherwise stated.

**Civil Nos. 11-1858 & 11-1871 (GAG)**

(See Docket No. 72.) Neither party appealed the court's remand order of Civil No. 11-1858.

While the appeal was pending, VSI sought costs and expenses (Docket No. 73) and attorney's fees (Docket No. 80) pertaining to Case No. 11-1858 (GAG). BIL opposed said motions. (See Docket Nos. 75 & 86.) The court denied both motions without prejudice, stating that the court would determine costs and attorney's fees after the pending appeal on the merits was resolved. (See Docket Nos. 77 & 87.) VSI appealed these rulings. (See Docket No. 88.) The First Circuit dismissed the appeal for lack of jurisdiction, holding that the motions were denied without prejudice and, therefore, were not final determinations. (See Docket No. 91.)

On May 8, 2013, the First Circuit reversed the court's determination that it lacked jurisdiction over the parties and remanded the case. (See Docket No. 95.) However, the First Circuit ordered the court to stay the proceedings to allow the remanded case, Civil No. 11-1858 (GAG), to proceed in local court. (See id.) The court entered judgment staying both cases, Civil Nos. 11-1858 (GAG) and 11-1871 (GAG), until completion of the Commonwealth proceedings. (See Docket No. 98.) The local case, formerly Civil No. 11-1858 (GAG), proceeded through the Court of First Instance and appealed to the Puerto Rico Court of Appeals. (See Docket No. 103 at 3 n.3.) On July 3, 2013, the appeals court denied the petition for *certiorari*, thus ending the local litigation. (See id.)

On July 8, 2013, VSI filed a motion to alter the judgment staying the cases and renewed its motions for costs and attorney's fees. (See Docket Nos. 99 & 100.) BIL objected (Docket No. 101) and opposed each motion (Docket Nos. 102 & 103). These motions are currently before the court.

**II.    Motion to Alter Judgment**

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). In order to prevail on a motion to alter judgment, "the moving party 'must either clearly establish a manifest error of law or must present newly discovered evidence.'" Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (quoting F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). A party may neither raise new arguments for the first time in a motion to alter judgment,

nor repeat previous arguments. See id.

VSI seeks alteration of the post-appeal judgment entered in Civil No. 11-1858 (GAG) because that case was never appealed to the First Circuit. (See Docket No. 99 at ¶ 5.) As such, VSI argues, entering post-appeal judgment in the case is inappropriate. While the court's explanation is lengthy, the court ultimately agrees.

"Consolidation is simply a judicial tool which 'is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 178-79 (1st Cir. 1999) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)). Consolidated cases "retain their separate identity and judgments rendered in each individual action are appealable as final judgments within the meaning of 28 U.S.C. § 1291 (1982), even without the requisite certification under Rule 54(b)." Federal Deposit Ins. Corp. v. Caledonia Inv. Corp., 862 F.2d 378, 381 (1st Cir. 1988) (citing Massachusetts Helicopter, 469 F.2d at 441–42)). As such, the final judgments entered in this case apply to both actions, Civil Nos. 11-1858 (GAG) and 11-1871 (GAG), and must be entered in the appropriate case.

The history of this case demonstrates why the court must alter its post-appeal judgment entered at Docket No. 98. Only one of the two consolidated cases was appealed to the First Circuit. The remanded case, Civil No. 11-1858 (GAG), was not appealed because remand orders are unappealable. The federal statute governing remand orders states, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d); see Com. of Mass. v. V & M Management, Inc., 929 F.2d 830, 832 (1st Cir. 1991) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [subject to an exception for civil rights cases which is not applicable here]."). As such, judgment was entered in Civil No. 11-1858 (GAG), the case was dismissed, and the matter proceeded in the local courts.

**Civil Nos. 11-1858 & 11-1871 (GAG)**

(See Docket No. 70.)

At that point, the court no longer had jurisdiction over the merits of the case. No appeal was filed and the only matters remaining were post-judgment costs and attorney's fees. After the First Circuit reversed and remanded 11-1871 (GAG), the court entered judgment in 11-1858 (GAG) and stayed both cases. (See Docket No. 98.) Clearly, this was erroneous. The First Circuit's opinion and order did not evaluate the merits of the court's remand of 11-1858 (GAG) because such remands are unappealable. Consequently, the opinion and order only required the court to stay Civil No. 11-1871 (GAG). Judgment, and the required stay of proceedings, should have been entered in that case only. The court retains jurisdiction over Civil No. 11-1858 (GAG) for the purpose of determining the collateral issues of costs and attorney's fees, but the case is not stayed pursuant to the First Circuit's opinion and order and there are no other matters pertaining to the case for the court's adjudication.

Therefore, the court **GRANTS** the motion to alter judgment at Docket No. 99. The court shall vacate its judgment at Docket No. 90 and remove the stay. As the previous judgment in that case (Docket No. 70) still controls, the court need not alter the judgment further. Remaining in Civil No. 11-1858 (GAG) is VSI's renewed motion for costs and attorney's fees. The court will address those issues in time. As for Civil No. 11-1871 (GAG), the court must enter an amended judgment incorporating the dictates of the First Circuit's opinion and order. After entering this order, and the necessary vacating orders and amended judgments, the two proceedings will cease to have related claims. Therefore, the court shall unconsolidate the cases and the two shall proceed as separate actions.

**III.    Renewed Motion for Costs and Attorney's Fees**

As the litigation in 11-1871 (GAG) is still pending, the court shall only discuss the costs and attorney's fees for 11-1858 (GAG). VSI seeks costs and attorney's fees pursuant to Section 1447(c) and Rule 54(d)(1). (See Docket No. 73 ¶ 2.) BIL opposes this request by arguing that VSI's motion is untimely and that the arguments contradict controlling precedent established by Martin v. Franklin

**Civil Nos. 11-1858 & 11-1871 (GAG)**

Capital Corp, rather than Rule 54 (d)(1).

### A.     Untimeliness

BIL argues the motions for costs and attorney's fees are untimely because such an order can only be included in the remand order. (See Docket No. 75 ¶ 2.) The argument follows that, once the court has remanded the case back to local court, the federal court is divested of jurisdiction to enter any orders. Courts have debated this issue and reached varying conclusions. Most importantly, the court was unable to find any controlling precedent from the Supreme Court or the First Circuit. When faced with a lack of binding precedent on point, the court first turns to the statute. In pertinent part, the statute states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Some district courts have interpreted this to mean that the federal court may only order these costs within the remand order itself. See United Broad. Corp. v. Miami Tele-Communications, Inc., 140 F.R.D. 12 (S.D. Fla. 1991); Unanue Casal v. Unanue Casal, 132 F.R.D. 146, 150 (D.N.J 1989) (holding moving party should seek costs at the time of remand). However, most courts have held the statute does not bar the court from ordering fees and costs. See Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 256-57 (6th Cir. 1997) (holding issue of fees and costs to be collateral to merits of remand and within court's jurisdiction to enter subsequent to remand order); M.D.C. Wallcoverings v. State Bank of Woodstock, 771 F. Supp. 242, 244 (N.D. Ill. 1991) ("The legislative history and spirit of Section 1447(c) indicate that this court has jurisdiction to award costs and fees now, even though the remand order issued [previously].").
The court agrees with the precedent holding that Section 1447(c) is not the exclusive vehicle for seeking costs and fees. The statute itself is not exclusive. It allows the court to award fees and costs, but does not expressly prohibit the court from addressing those issues in a separate order. See 28 U.S.C. § 1447(c). If Congress wanted to make Section 1447(c) the exclusive vehicle for these fees and costs, it could have easily asserted such language. These issues are collateral to the merits of the motion for remand; therefore, the court retains jurisdiction over them even after remanding the

**Civil Nos. 11-1858 & 11-1871 (GAG)**

case.

### B.     Controlling Law

Having found jurisdiction exists to entertain the motion for attorney's fees and costs, the court briefly discusses the legitimacy of each claim. The court need not untangle whether the standard for fees and costs differs from that for attorney's fees, nor does the court need to establish whether Section 1447(c) or Rule 54(d)(1) controls. Under either statute, costs and fees should be denied.

The most clear analysis is the denial for attorney's fees. The Supreme Court recently clarified that the correct standard for determining whether attorney's fees were appropriate is "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." See Martin, 546 U.S. at 136. BIL's removal of the local action was not unreasonable. The First Circuit's opinion in Civil No. 11-1871 (GAG) provides the reasoning. (See Docket No. 95.) The First Circuit's opinion unquestionably concludes that BC was not an indispensible party and would have been deemed a nominal party had Civil No. 11-1858 (GAG) been appealed. (See id.) As such, the court finds BIL's removal was objectively reasonable and costs and fees should not be awarded.

The court comes to the same result if it were to use the standard of prevailing party under Rule 54(d)(1). That rule, titled "Costs Other Than Attorney's Fees," states, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). As stated, BIL vigorously argues Rule 54(d)(1) does not apply to a motion for costs on a remand action. However, even if it were to apply, the court would not hold VSI to be the prevailing party. A prevailing party is a party in whose favor a judgement is entered. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res., 532 U.S. 598, 603 (2001). Technically, the court entered judgment in favor of VSI, but as previously discussed, had the judgment in Civil No. 11-1858 (GAG) been appealable, the court would likely have been reversed. Therefore, BIL's removal motion was not unreasonable

**Civil Nos. 11-1858 & 11-1871 (GAG)**

and, but for the court's faulty analysis, BIL would have been the prevailing party.

**IV.    Conclusion**

For the abovementioned reasons, the court **GRANTS** VSI's motion to amend the judgment at Docket No. 99 and **DENIES** its motion for attorney's fees at Docket No. 100.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of July 2013.

                 S/Gustavo A. Gelpí

                 GUSTAVO A. GELPI

                 United States District Judge