IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

V. SUAREZ & CO., INC.,

Petitioner,

v.                                                          Civil No. 11-1858 (GAG)

BACARDI INTERNATIONAL LIMITED, et al.,

Respondents.

## MEMORANDUM OPINION

On July 31, 2013, the court issued an Opinion and Order regarding VSI's motion to alter judgment and motion for attorney's fees and costs. (Docket No. 104.) On August 8, 2013, VSI sought partial reconsideration regarding the court's determination of attorney's fees and costs. (Docket No. 107.) BC and BIL (hereinafter "BIL") opposed the motion. (Docket No. 109.) For the following reasons, the court **DENIES** VSI's motion for reconsideration at Docket No. 107.

**I.      Standard or Review**

Motions for reconsideration are generally considered under FED. R. CIV. P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D .P.R. 1998)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc ., 899 F.2d 119, 123 (1st Cir. 1990).

**II.     Discussion**

**Civil Nos. 11-1858 (GAG)**

VSI's memorandum in support of reconsideration does not demonstrate any reason the court should reconsider its previous Opinion and Order. However, the court does take this opportunity to clarify its use of the First Circuit's opinion in Civil No. 11-1871 (GAG). The court's reliance and discussion of this case did not displace its duty to evaluate whether BIL had an objectively reasonable basis for removing Civil No. 11-1858 (GAG). As the court previously discussed, the controlling precedent from the Supreme Court is Martin v. Franklin Capital Corp., 546 U.S. 132. In that case, the Court established that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." See id. at 136. To evaluate whether BIL had an objectively reasonable basis for removing Civil No. 11-1858 (GAG), the court needed to analyze whether it was reasonable for BIL to argue that BC was a nominal party. The First Circuit opinion in Civil No. 11-1871 (GAG) shed light on this subject and its analysis was relied upon by the court in determining that BIL had an objectively reasonable basis for removing the case to federal court. That is the extent the court relied upon the First Circuit's reasoning.

To be clear, the denial of costs and attorney's fees was not controlled by the First Circuit's opinion. However its rationale assisted the court in determining whether VSI was a prevailing party and whether BIL had an objectively reasonable basis for removing the case.

### III. Conclusion

For the abovementioned reasons, the court **DENIES** VSI's motion for reconsideration at Docket No. 107.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of August 2013.

S/Gustavo A. Gelpí

GUSTAVO A. GELPI

United States District Judge